**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM R. OLIVER,

                                    Plaintiff,

                - v -                                                    Civ. No. 9:06-CV-1412
                                                                                    (LEK/RFT)
ROBERT OUTHOUSE, *Sheriff*;
PIERCE, *Deputy, Correction Officer*;
KELTOSKIE, *Deputy, Correction Officer*,

                                    Defendants.

**APPEARANCES:**

WILLIAM R. OLIVER
Plaintiff, *Pro Se*
58 Union St.
Auburn, N.Y. 13021

FRANK W. MILLER, ESQ.
Attorney for Defendants
6575 Kirkville Rd.
East Syracuse, N.Y. 13057

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff William R. Oliver brings this civil rights Complaint pursuant to 42 U.S.C.

§ 1983 alleging that the Defendants violated his Eighth Amendment rights through the use of

excessive force. Dkt. No. 1, Compl.  Defendants now bring a Motion for Summary Judgment under

Federal Rule of Civil Procedure 56.  Dkt. No. 17.  Plaintiff has not opposed nor otherwise responded

to the Defendants' Motion.  For the following reasons, we recommend Defendants' Motion for

Summary Judgment be **granted**.

**I.  BACKGROUND**

At all relevant times concerning this action, Plaintiff was an inmate at the Cayuga County Jail. *See generally* Compl.  Plaintiff alleges that on April 5, 2006, Defendant Correction Officer (C.O.) Pierce kicked him with his boot for no apparent reason while Plaintiff was doing push-ups. *Id*. at p. 8.  In addition, Plaintiff alleges Defendant C.O. Keltoskie "took his two right fingers and jabbed [Plaintiff] in the throat area" while he was in the shower area, and repeatedly harassed Plaintiff on that day.  *Id*. at p. 9.  Plaintiff filed this action on November 21, 2006.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant.  FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282,

287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a

motion for summary judgment when the moving party has set out a documentary case."); *Rexnord*

*Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are

"more than mere conclusory allegations subject to disregard . . . they are specific and detailed

allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a

summary judgment motion" and the credibility of such statements is better left to a trier of fact.

*Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and

*Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities

and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier*

*Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary

judgment motion stage of the litigation is carefully limited to discerning whether there are any

genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this

point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs.,*

*Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*,

the court must "read [his or her] supporting papers liberally, and . . .  interpret them to raise the

strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*,

*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations,

unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey*

*v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. Exhaustion

The Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e)(a), states that

"[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

The Cayuga County Jail has an inmate grievance procedure that is explained in Section 138 of the Inmate Handbook, which is distributed to each inmate who is admitted into the facility. Dkt. No. 17-3, Jeff Franceschelli, Sergeant in the Cayuga County Jail, Aff., dated May 23, 2007, at ¶¶ 3-4. First, an inmate must attempt to informally resolve his complaint with the Housing Unit Deputy. Then, if the informal resolution is unsuccessful, the inmate must petition the Shift Sergeant who will then review the complaint, interview the inmate, and give him an answer at the time of the interview. *Id*. If unsatisfied with the answer, the inmate must fill out a formal grievance form and give it to a Housing Unit Deputy within five days of the act or occurrence leading to the grievance, who will give it to the Grievance Coordinator. *Id*. The decision of the Grievance Coordinator may be appealed to the Corrections Facility Administrator, whose decision in turn may be appealed to the State Commission of Correction to render a final decision. *Id*.

The Second Circuit has suggested a three-step inquiry when the inmate opposes a defendant's assertion that the inmate did not exhaust his remedies.

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact "available" to the prisoner. *Abney v. McGinnis*, 380 F.3d 663, 667-68 (2d. Cir. 2004). The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, *Johnson v. Testman*, 380 F.3d 691, 695 (2d. Cir. 2004), or whether the defendants' own actions inhibiting the inmate's

exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense, *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust  available remedies, the court should consider whether "special circumstances" have been plausibly alleged that justify "the prisoner's failure to comply with administrative procedural requirements." *Giano v. Goord*, 380 F.3d at 675 (citing *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2003)[.]

*Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); *see also Braham v. Clancy*, 425 F.3d 177, 181-82 (2d Cir. 2005).

Since failure to exhaust is an affirmative defense and defendants may be estopped from asserting the defense as "special circumstances may excuse a prisoner's failure to exhaust," the specific circumstances of each case must be examined. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (citations omitted).  Some special circumstances include, but are not limited to, occasions when prison officials "inhibit an inmate's ability to utilize administrative grievance procedures," if the prisoner received a favorable disposition from his grievance but the time to appeal had expired and no relief was forthcoming, and all appeals were undertaken but prison officials did not respond within the required time period.  *Id.* at 677.  These special circumstances may provide an inmate with a justification.  The effect of a plaintiff's justification as to why there was no exhaustion "is that, even though the administrative remedies are no longer available for reasons of timing or other procedural restrictions, such restrictions cannot serve to keep the plaintiff's suit from proceeding." *Id.* at 676.  Additionally, "exhausted claims filed alongside unexhausted ones may proceed even though the unexhausted claims must be dismissed." *Id.* at 675.

Plaintiff does not assert in his Complaint that he followed the grievance protocol established in the Inmate Handbook beyond filling out a request for a grievance.  Plaintiff states he "filled out request to get grievance" and "got [the] grievance," but the final result of his grievance was that

"nothing came back to resolve matter." Compl. at p. 3. As an addendum to the above statements, Plaintiff submitted in his Complaint a list of dates he allegedly spoke with prison personnel about his grievance from April 2006 through May 2006. *Id*. at pp. 4-5. Plaintiff has also submitted three notarized letters from April 2006 and May 2006, setting forth the alleged incidents which are the basis of his Complaint, though Plaintiff does not state if or when these letters were ever submitted to prison personnel. Compl. at pp. 8-12. Also, Plaintiff does not state that he was prevented or otherwise discouraged from following the inmate grievance procedure.

Defendants assert in their Memorandum of Law and in their Statement of Material Facts pursuant to Local Rule 7.1 that Plaintiff failed to file a grievance in accordance with the aforementioned protocol specified in the Inmate Handbook, and has therefore failed to exhaust his administrative remedies. The record shows that Plaintiff received and signed an acknowledgment of receipt for the Inmate Handbook upon his entrance into Cayuga County Jail, putting him on notice of the grievance procedure. Franceschelli Aff., Ex. A, Intake Acknowledgment Rep., dated Mar. 24, 2006. In addition, there is no record on file of Plaintiff filing a grievance regarding the incidents alleged in his Complaint, and the Cayuga County Jail has no record of the notarized letters attached to the Complaint. Franceschelli Aff. at ¶ 7. Furthermore, Plaintiff has not opposed Defendants' statements with respect to his failure to exhaust.

Plaintiff was explicitly warned by Order of this Court on November 19, 2007, that failure to respond in opposition to Defendants' Motion for Summary Judgment "**will result in this Court accepting the facts set forth by Defendants as true**." Dkt. No. 19 (emphasis in original) (citing N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.")). We further admonished Plaintiff

that "**failure to respond may, if appropriate, result in the granting of Defendants' Motion** . . . [.]" *Id.* (emphasis in original) (citing N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."))

Federal Rule of Civil Procedure 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Plaintiff does not allege that he exhausted his claim, nor does he deny that he did not do so. As such, we must accept the Defendants' statement, which is supported and uncontroverted on the record before us, that Plaintiff has failed to properly exhaust available administrative remedies as true under Local Rule 7.1 and Rule 56(e). *See Bennett v. Hunter*, 2006 WL 1174309, at \*2 (N.D.N.Y. May 1, 2006) (stating unopposed facts set forth in a Rule 7.1 Statement that are supported by the record will be accepted as true); *see also Lee v. Alfonso*, 2004 WL 5477530, at \*5 (N.D.N.Y. Feb. 10, 2004) ("Plaintiff does not offer any facts to support his claims that would raise an issue of fact. Nor has he overcome his failure to respond to Defendants' Rule 7.1(a)(3) Statement. Therefore, Defendants' version of the facts remains uncontroverted."). Because there is no factual dispute on that dispositive issue, summary judgment is appropriate.

We therefore recommend that Plaintiff's Complaint be **dismissed** for failure to exhaust administrative remedies.

### C.  **Eighth Amendment Claim**s

Plaintiff alleges that his Eighth Amendment rights were violated when Defendants used excessive force against him.  Defendants raise the defenses of personal involvement and failure to effectuate service of process.  Because we find that Plaintiff failed to exhaust his administrative remedies, we need not address the merits of his Eight Amendment claim nor the defenses proffered in response.[1]  *Renelique v. Goord*, 2006 WL 2265399, at \*6 (N.D.N.Y. Aug. 7, 2006) (stating the court need not reach the merits of an Eighth Amendment claim if Plaintiff did not exhaust administrative remedies pursuant to the PLRA).

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 17) be **granted**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed** as against all Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28

---

[1] Plaintiff's request for a Protective Order will similarly not be considered.

U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   January 24, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge